UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARNELL MCGARY,

               Petitioner,

     v.

HENRY RICHARDS,

               Respondent.

Case No. C09-5156BHS-KLS

ORDER TO SHOW CAUSE

This matter is before the Court on petitioner's petition for writ of federal *habeas corpus* relief filed pursuant to 28 U.S.C. § 2254. After reviewing the petition and the remaining the record, the Court hereby finds and orders as follows:

On March 20, 2009, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, in which he raises the following grounds for relief:

(1)   "Petitioner claims Double Jeopardy after the State filed two petitions, the latter being after I was dismissed and released to WSH[.] Petitioner was at Western State Hospital, a none [sic] total confinement facility, when the second petition was filed. And had registered, had community outing, and was on a [sic] unsecure [sic] ground, were [sic] he could rome [sic] without security devices such as GPS system. Further, the facility was co-ed, and Petitioner had unsupervised contact with female patients. [W]hen the state filed it's second petition it did so unlawful [sic], and against RCW 71.09.060(3)."

(2)   "The states [sic] petition is based on predicate offenses, and the Ninth Circuit has denounced the use of predicate offenses[.] The Ninth Circuit ruled that if the petition is based on predicate offenses it must resolve the issue."

ORDER
Page - 1

(3) "Ineffective Assistance of Counsel[.] The underlying petition is defective, probable cause information supports, erroneous information, leading experts say APD is not enough to sustain commitment[.]"

(4) "The state continues to confine Petitioner unlawfully as total confinement relies on whether or not your [sic] in a secure facility[.] The State Supreme Court decided that in order for a petition to be filed the person has to be in total confinement serving time for a sex offense RCW 71.09.025, 71.09.030[.]"

(Dkt. #1, pp. 6-7, 9-10).[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of *habeas corpus* relief filed in federal court by persons in custody pursuant to the judgment of a state court. Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d). Section 2244(d) reads:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Dictado, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2). Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

In addition, the exhaustion of state court remedies is a prerequisite to the granting of a petition for

---

[1] These are actually the fifth, six, eighth and ninth pages of the petition, which is written on a form petition. The first page of that form, however, is designated as being "Page 2." Accordingly, for the sake of clarity and consistency, the Court has used the page numbers that appear on the pages of the form in its citations.

ORDER
Page - 2

writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion thus may not be implied or inferred. A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

It is not enough that all of the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. Duncan v. Henry, 513 U.S. 364, 366 (1995) (citing Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982)). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). The petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." Id.

The claim must be fairly presented in "each appropriate state court," that is, at each level of state review, so as to alert the state "to the federal nature of the claim," and to give it the "opportunity to pass upon and correct" alleged violations of the petitioner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); see also Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." Insyxiengmay, 403 F.3d at 668; Baldwin, 541 U.S. at 33.

On February 5, 2004, petitioner, who is currently a resident at the Washington State Department of Social and Health Services's Special Commitment Center ("SCC"), was involuntarily civilly committed by the State of Washington as a sexually violent predator pursuant to his stipulation thereto. (Dkt. #1, p. 2); see also In re McGary, 128 Wn. App. 467, 473 (2005). Petitioner filed a direct appeal thereof, which the Washington State Court of Appeals denied on July 19, 2005. (Dkt. #1, p. 3); In re McGary, 128 Wn. App. at 480. The Washington State Supreme Court denied his petition for review of

that denial on April 4, 2006. (Dkt. #1); In re McGary, 156 Wn.2d 1029 (2006).

The AEDPA's one-year statute of limitations thus began to run on July 4, 2006. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (period of "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes period within which petitioner can file petition for writ of *certiorari* from United States Supreme Court, whether or not such petition is actually filed); United States Supreme Court Rule 13 (petition for writ of *certiorari* to review judgment by state court of last resort is timely when filed within ninety days after entry of judgment). On August 29, 2006,[2] petitioner filed a petition for writ of *habeas corpus* relief in the Pierce County Superior Court, in which he raised the following grounds:

> Equal Protection, Criminal Mistreatment, Violation of RCW 71.09.060(3), In re Detention of Gordon, and In re Detention of Anderson, further RCW 71.09 et seq. is unconstitutional based on In re McGary 128 Wn.2d (2005)[.]

(Dkt. #1, p. 4). Accordingly, the statute of limitations ran for a period of 56 days from July 4, 2006, until the date he filed the petition for writ of *habeas corpus* in superior court.

Petitioner gives no indication in his petition for writ of federal *habeas corpus* relief as to when or how the Washington State Court of Appeals dealt with his transferred personal restraint petition. Nor has the Court been able to find any state court records – pursuant to its own search therefor – indicating how, if at all, that petition was resolved. Petitioner also claims he filed a second personal restraint petition with the Washington State Supreme Court, in which he presented the following claims:

> State of Washington brang [sic] two consecutive petitions against petitioner in violation of the Double Jeopardy, and Ex post Facto provisions. RCW 71.09 is based on predicate offenses[.]

(Id.). Here too, however, petitioner provides no information as to when or how the state supreme court dealt with that petition, or even when he filed it. Petitioner does provide a docket or case number for this second petition, but, once again, the Court's own search has failed to produce any second petition having been filed under that number, or indeed under petitioner's name.[3]

---

[2] Petitioner claims that he filed his state *habeas corpus* petition in superior court on November 29, 2006. (Dkt. #1, p. 4). It appears, however, that this is the date the petition was transferred to the Washington State Court of Appeals for consideration as a personal restraint petition. See http://www.co.pierce.wa.us/cfapps/linx/calendar/GetCivilCase.cfm?cause_num=06-2-10823-5.

[3] Later in his federal *habeas corpus* petition, petitioner states he raised his second ground for federal *habeas corpus* relief in a personal restraint petition he filed with the Washington State Court of Appeals, which he also stated was denied on October 17, 2007. (Dkt. #1, pp. 7-8). Once more, though, the Court's own search could not find any filings made under the case or docket number petitioner provided for that petition, nor could any other petitions or collateral filings made by him under his own name in state court attacking his original civil commitment be located.

ORDER
Page - 4

Accordingly, given the length of time between the last date in the record for which a filing in state court can be confirmed, and the date petitioner filed his petition for federal *habeas corpus* review in this Court, it appears the AEDPA's one-year statute of limitations may have run, and, therefore, the petition is now time-barred. Nor has petitioner established that equitable tolling applies in this case.[4] In addition, it seems petitioner has not properly exhausted his grounds for federal *habeas corpus* relief. Specifically, the petition does not show that his claims for federal *habeas corpus* relief have been presented at each level of state court review.

Petitioner indicates he raised his first ground for federal *habeas corpus* relief – in which he alleges he was subject to double jeopardy by the state – through either a post-conviction motion or petition in state court. He does allege he raised this ground in his second personal restraint petition. As noted above, however, petitioner also claims he filed that petition in the Washington State Supreme Court. See (Dkt. #1, pp. 4, 6). Thus, it appears petitioner did not present his petition or this first ground for relief to the Washington State Court of Appeals as required for exhaustion purposes. The same is true in regard to his second ground for *habeas corpus* relief concerning predicate offenses. See id. at pp. 4, 7. Accordingly, the record indicates petitioner has exhausted neither of these claims.

As to his third ground for federal *habeas corpus* relief regarding ineffective assistance of counsel, petitioner indicates he raised it both in his direct appeal and in a post-conviction motion or petition. (Dkt.

---

[4]Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (citation omitted). Equitable tolling "is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001). "External forces," not petitioner's "lack of diligence" must account for his or her failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). As the Ninth Circuit Court of Appeals has held:

> It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

Allen, 255 F.3d at 800; see also Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (prisoner required to demonstrate causal relationship between extraordinary circumstances and lateness of filing); Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (rejecting equitable tolling claim because petitioner still had over six months to complete federal *habeas corpus* petition after termination of allegedly extraordinary circumstances). Further, ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting Fisher, 174 F.3d at 714. Here, there is no indication that extraordinary circumstances beyond petitioner's control made it impossible for him to file his petition on time.

ORDER
Page - 5

#1, p. 9). But this ground is not among any of the issues petitioner actually listed in his federal *habeas corpus* petition as ones he raised in his direct appeal or either of his personal restraint petitions, thereby indicating it was not raised in any state court.[5] See id. at pp. 3-4, 9. As such, that ground is unexhausted as well. In regard to petitioner's fourth ground for *habeas corpus* relief, that ground concerns only a state law issue – i.e., the proper application of the sexually violent predator statutes – even though technically he may have exhausted that ground in state court. See id. at pp. 3, 10; In re McGary, 128 Wn. App. at 469. This ground, therefore, is not appropriately before this Court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (district court may not reexamine state court determinations on state-law questions; court is limited to deciding whether conviction violated federal law).

Accordingly, it appears both from the face of the petition and the Court's own review of the state court records: (1) that more than one year likely has passed since petitioner last challenged this matter at the state court level and thus his petition is now time-barred; and (2) that he either has failed to exhaust his state court remedies concerning the grounds for relief he has raised here, or that, at least with respect to the fourth such ground, it does not allege a violation of federal law. The Court, therefore, shall not serve the petition on respondent. In addition, petitioner shall file by **no later than May 3, 2009**, an amended petition under 28 U.S.C. § 2254 showing that (a) his grounds for federal *habeas corpus* relief have been properly exhausted in state court, and (b) his petition is not now time-barred, or show cause why this matter should not be dismissed.

The Clerk shall send a copy of this Order to petitioner.

DATED this 3rd day of April, 2009.

Karen L. Strombom
United States Magistrate Judge

---

[5] Indeed, the only two issues petitioner presented on direct appeal to the Washington State Court of Appeals were that: (1) his involuntary detention was not total confinement, and therefore the sexually violent predator petition the state brought should have been dismissed because no recent overt act was alleged; and (2) the state's petition violated his guilty plea agreement. In re McGary, 128 Wn. App. at 469.