1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

DARNELL MCGARY,

10
                        Petitioner,

11
            v.

12
HENRY RICHARDS,

13
                        Respondent.

14

Case No. C09-5156BHS-KLS

ORDER DENYING
PETITIONER'S MOTION FOR
APPOINTMENT OF COUNSEL

15          This matter is before the Court on petitioner's filing of a motion for appointment of counsel with

16  respect to the petition for writ of federal *habeas corpus* relief he filed pursuant to 28 U.S.C. § 2254. (Dkt.

17  #13). The Court, having reviewed petitioner's motion, respondent's response thereto and the remaining

18  record, hereby finds and ORDERS as follows:

19          There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless an

20  evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery

21  procedures." See McCleskey v. Zant, 499 U.S. 467, 495 (1991); United States v. Duarte-Higareda, 68

22  F.3d 369, 370 (9th Cir. 1995); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990); Weygandt

23  v. Look, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States

24  District Courts 6(a) and 8(c). Petitioner has not requested that he be allowed to conduct discovery, nor is

25  there good cause for granting leave to do so. See Rule Governing Section 2254 Cases in the United States

26  District Courts 6(a). In addition, the Court has determined that an evidentiary hearing is not required in

27  this case. See Report and Recommendation, dated the same date herewith; Rule Governing Section 2254

28  Cases in the United States District Courts 8(c).

The Court also may appoint counsel "at any stage of the case if the interests of justice so require." Weygandt, 718 F.2d at 754. In deciding whether to appoint counsel, however, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. Petitioner asserts both that the facts of this case are too complex for him to litigate them *pro se*, and that he is likely to be successful on the merits, but only if counsel were to be appointed. Petitioner further asserts his access to legal resources at the Special Commitment Center ("SCC") is inadequate. On the other hand, petitioner admits he is "very knowledgeable of the law." (Dkt. #9, pp. 1-2). Indeed, he even claims SCC has begun to "censor" certain magazines and other periodicals – though it is unclear from whom – due to that knowledge, as well as his "litigation experience." (Id. at p. 6).

While respondent has no objection to petitioner being appointed counsel in this case, the Court finds petitioner has not shown that his particular situation or conditions of confinement are such that "the interests of justice" require appointment of counsel at government expense. First, neither the factual nor legal issues in this matter are necessarily complex, since, as discussed in further detail in the Report and Recommendation dated the same date herewith, the first three grounds for *habeas corpus* relief set forth in the petition appear to be unexhausted and now procedurally barred, and the fourth and last such ground only concerns issues of state law. Second, petitioner has shown a clear ability to litigate this matter *pro se*, as his filings so far demonstrate. Indeed, as noted above, petitioner himself indicates that he is "very knowledgeable of the law" and has extensive "litigation experience."

Petitioner's confidence in the merits of his petition notwithstanding, again, given that he only has asserted unexhausted, procedurally barred or state law claims therein, a likelihood of success on the merits has not, to say the least, been shown here. Lastly, as far as petitioner's claim that access to legal resources is inadequate, the numerous legal citations contained in the filings he has submitted to this Court so far belie this claim. In addition, to the extent petitioner also is asserting a denial of access to the courts claim in this case, that claim lacks merit as well. In the prison context, the right of access to the courts requires that prison officials assist inmates in preparing and filing "meaningful legal papers" by providing them with "adequate law libraries or adequate assistance from persons trained in the law." Lewis v. Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)).

However, because "meaningful access to the courts is the touchstone," to prevail on an access to courts claim, an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Cornett v. Donovan, 51 F.3d 894, 897 (9th Cir. 1995) (citing Bounds, 430 U.S. at 823); see also Lewis, 518 U.S. at 348 (inmate must show inadequacy of prison library or legal assistance program caused actual injury or prejudice such as inability to meet filing deadline or present claim). The inmate, for example, might show:

> [T]hat a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 352. Although petitioner is not an inmate, the above analysis applies equally to those who are involuntarily civilly detained as well. See Cornett, 51 F.3d at 897-900 (right of access to courts is not limited to people who are committed following criminal proceedings, but is guaranteed to those who have been civilly committed as well). Clearly, petitioner has not shown such harm here, as he adequately has been able to present his filings to this Court.

Accordingly, for all of the above reasons, petitioner's motion for appointment of counsel (Dkt. #13) hereby is DENIED.

The clerk shall send a copy of this Order to petitioner and to counsel for respondent.

DATED this 19th day of August, 2009.

Karen L. Strombom
United States Magistrate Judge