1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

DARNELL McGARY,

6                               Petitioner,

7         v.

8    DR. HENRY RICHARDS,

9                               Respondent.

CASE NO. C09-5156 BHS

ORDER DENYING
PETITIONER'S MOTION
TO REOPEN PETITION
FOR WRIT OF HABEAS

10

11        This matter comes before the Court on Petitioner Darnell McGary's ("McGary")

12  motion to reopen petition for writ of habeas corpus pursuant to Fed. R. Civ. P. 60(b)(6)

13  (Dkt. 37). The Court has considered the pleadings filed in support of and in opposition to

14  the motion and the remainder of the file and hereby denies the motion for the reasons

15  stated herein.

16                    **I. PROCEDURAL & FACTUAL BACKGROUND**

17        Petitioner Darnell McGary is in the custody of the Washington State Department

18  of Social and Health Services and is confined at the Special Commitment Center located

19  at McNeil Island. He was civilly committed as a sexually violent predator (SVP) by the

20  Pierce County Superior Court in 2004 pursuant to RCW chapter 71.09. His civil

21  commitment was upheld by the state courts on direct appeal. Dkt. 16, Exhibit 9 (*In re*

22  *Det. of McGary*, 128 Wn. App. 467 (2005)) and Exhibit 17. The state courts denied

1   McGary's first personal restraint petition, *see id*., Exhibits 21 and 24, and rejected his

2   second petition as time-barred under RCW 10.73.090. *Id.*, Exhibits 29 and 31.

3         In 2009, McGary filed a petition for habeas corpus relief under 28 U.S.C. § 2254

4   in this Court. The petition raised four grounds for relief: (1) the state's filing, dismissal,

5   and re-filing of the SVP petition violated double jeopardy, (2) the SVP petition was based

6   upon predicate offenses, the use of which has been denounced by the Ninth Circuit, (3)

7   ineffective assistance of counsel, and (4) the SVP petition was defective because he was

8   not in "total confinement" immediately prior to its filing. *See* Dkt. 1, at 6-10. On August

9   19, 2009, U.S. Magistrate Judge Strombom issued a report and recommendation

10  recommending that the Court dismiss McGary's petition with prejudice. Dkt. 21. Judge

11  Strombom concluded that McGary's first three claims had not been fairly presented to the

12  state courts and were procedurally barred from habeas review. *Id*. at 9-11. Judge

13  Strombom further observed that, although McGary's fourth claim had been fairly

14  presented to the Washington courts, the claim was not a cognizable ground for habeas

15  relief because it alleged a violation of state law only. *Id*. at 11-12.

16        McGary filed objections to the report and recommendation.  Dkt. 23.  On

17  September 29, 2009, this Court approved and adopted Judge Strombom's report and

18  recommendation and dismissed McGary's petition with prejudice.  Dkt. 25; *see also* Dkt.

19  31 (Judgment, entered on November 13, 2009).  The Court denied McGary's request for

20  issuance of a certificate of appealability. Dkt. 32. On February 28, 2011, the Ninth

21  Circuit also denied a certificate of appealability. Dkt. 35 (Mandate).

22

On January 28, 2013, McGary filed the instant motion. Dkt. 37. On January 31, 2013, Respondent Dr. Henry Richards ("Richards") filed a response in opposition to McGary's motion.  Dkt. 38.  On February 11, 2013, McGary filed a reply.  Dkt. 39.

## II. DISCUSSION

**A.    Parties' Arguments**

McGary has now filed a motion under Fed. R. Civ. P. 60(b)(6) seeking to reopen the 2009 habeas corpus proceeding.  Dkt. 37. In his motion he argues that this Court erred "when it declared the first three issues to be procedurally barred ... when it claimed the last issue to be asn issue of state procedure only." *Id*. at 1.

Richards maintains that McGary is not entitled to relief from this Court's 2009 judgment.  Dkt. 38 at 3. He argues that McGary has failed to demonstrate any error in the Court's procedural default ruling regarding his first three grounds for relief.  *Id.* at 5. Additionally, Richards argues that to the extent McGary is requesting the Court reconsider the merits of his fourth ground for relief, McGary's motion is a second or successive habeas petition and is thus barred under 28 U.S.C. § 2244(b).

McGary replied and appears to argue that any claims involving double jeopardy are ripe for review under 60(b)(6), despite the Court's ruling that grounds one through three are procedurally barred.  Dkt. 39 at 1. Additionally, he appears to argue that because the claims referenced in his motion were denied on procedural grounds they are not barred as successive petitions and the Court should grant his motion.  Further, McGary argues that he is actually innocent; therefore, the Court can appropriately revisit his claims.  *Id*. at 2.

**B.     Fed. R. Civ. P. 60(b) Standard**

Rule 60(b) states:

>        On motion and just terms, the court may relieve a party or its legal
> representative from a final judgment, order, or proceeding for the following
> reasons:
>        (1) mistake, inadvertence, surprise, or excusable neglect;
>        (2) newly discovered evidence that, with reasonable diligence, could
> not have been discovered in time to move for a new trial under Rule 59(b);
>        (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party;
>        (4) the judgment is void;
>        (5) the judgment has been satisfied, released, or discharged; it is
> based on an earlier judgment that has been reversed or vacated; or applying
> it prospectively is no longer equitable; or
>        (6) any other reason that justifies relief.

Rule 60(b)(6) is a catchall provision that permits a district court to set aside a

judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  A proper

Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim

on the merits, but some defect in the integrity of the federal habeas proceedings."

*Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). A movant that seeks relief under Rule

60(b) must show "extraordinary circumstances justifying the reopening of a final

judgment." *Id*. at 535.  Hence, relief under this subsection is used sparingly, and

generally requires a showing of actual injury and the presence of circumstances beyond

the movant's control that prevented timely action to protect his or her interests.  *Lehman*

*v. United States,* 154 F.3d 1010, 1019 (9th Cir. 1998); *United States v. Alpine Land &*

*Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993).

The Supreme Court has observed that a Rule 60(b) motion filed in a habeas case

under 28 U.S.C. § 2254 may be a "second or successive petition" in disguise. Petitioners

1  often use Fed. R. Civ. P. 60(b) as a device to circumvent the strictures of 28 U.S.C. §

2  2244(b).  In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Court held that a Rule 60(b)

3  motion filed in a habeas case does not constitute a second or successive petition if the

4  motion (1) challenges a defect in the integrity of the habeas proceeding, such as a "fraud

5  on the court," or (2) challenges a procedural ruling of the habeas court – such as the

6  statute of limitations or procedural default – that precluded a determination of the

7  petition's merits. *Gonzalez*, 545 U.S. at 532-34 & n.4.

8        A Rule 60(b) motion will be deemed to be a successive habeas petition, however,

9  if it contains one or more "claims," i.e., it seeks to assert (or reassert) the merits of a

10  ground for habeas relief.  Such motions do not attack the integrity of the prior habeas

11  proceedings but instead ask for a second chance to have the merits determined favorably.

12  Examples of such motions include: (1) a motion raising a new habeas claim and asserting

13  that, due to "excusable neglect," the claim was omitted from the initial habeas petition;

14  (2) a motion that seeks to add a new ground for relief; (3) a motion attacking the federal

15  court's previous resolution of a claim on the merits. *Gonzalez*, 545 U.S. at 531-32 & n.5.

16  If a pleading labeled a Rule 60(b) motion includes such claims, it "is in substance a

17  successive habeas petition and should be treated accordingly."  *Id*. at 531.

18  **C.    Application of 60(b) Standard**

19        **1.    Actual Innocence**

20        For the first time in his reply brief, McGary alleges that some or all of his reasons

21  for seeking to reopen his habeas petition are based on the fact that he is actually innocent.

22  Dkt. 39 at 2.  The Court is not required to consider argument made for the first time in a

reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").  However, even if the Court were to consider McGary's actual innocence argument as a basis for the relief he seeks, it must conclude that the petition is barred as a successive petition because McGary's motion seeks to add a new ground for relief.  *Gonzalez*, 545 U.S. at 531-32 & n.5.  Additionally, McGary makes no factually or legally sufficient arguments that he has even the possibility of meeting the high standard required for a showing of actual innocence, though he asks the Court "to foresee" that he will meet the standard (Dkt. 39 at 4).  *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (for a claim of actual innocence to be credible, petitioner must present new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial).

### 2.    Other Grounds for Relief

McGary seems to argue that despite the Court's ruling that his first three claims, including his double jeopardy claim, are procedurally barred, and his fourth claim was never properly presented to the state court, his 60(b) motion should not be barred as a successive petition.  Dkt. 39 at 1-2.  *Gonzalez*, 545 U.S. at 532-34 & n.4.  Thus, he appears to contend the Court should reopen his petition because the Court did not rule on the merits of his claims.

While a claim not adjudicated on the merits is not considered a successive petition, that does not automatically mean McGary has met his burden for the Court to grant his 60(b)(6) motion and reopen his case.  To obtain relief under Rule 60(b)(6), McGary must

1   show "extraordinary circumstances justifying the reopening of a final judgment." *Id*. at

2   535.  In this case, the movant fails to show actual injury and the presence of

3   circumstances beyond the movant's control that prevented timely action to protect his or

4   her interests.  *Lehman,* 154 F.3d 1010.

5        The injuries that McGary claims to have suffered are that his constitutional rights

6   were violated on the four bases set forth above.  *See supra.*  However, the majority of

7   McGary's briefing is quotations from case law (including, at least, one dissenting opinion

8   for Washington State Supreme Court) and bare assertions that his situation meets the

9   standards set out in those cases.  McGary supplies no reasoning that demonstrates some

10  defect in the integrity of the federal habeas proceedings, any error in the Court's habeas

11  ruling showing that dismissal of his claims was improper and constituted injury for the

12  purposes of Rule 60(b)(6), or that extraordinary circumstances warrant relief.  *Gonzalez*,

13  545 U.S. at 532.

## III. ORDER

15       Therefore, it is hereby **ORDERED** that McGary's motion to reopen his habeas

16  petition (Dkt. 37) is **DISMISSED** to the extent that it is a successive petition and

17  **DENIED with prejudice**  to the extent it is a Rule 60(b) motion**.**

18       Dated this 14th day of March, 2013.



                                        _____
21                                      BENJAMIN H. SETTLE
                                        United States District Judge